IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BEVERLY FRANCIS, )
)
    Plaintiff, )
)
v. ) CASE NO. CV412-300
)
RIVERVIEW HEALTH AND )
REHABILITATION CENTER, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation concluding that summary judgment should be granted in favor of Defendant and Plaintiff's case dismissed. (Doc. 25.) Plaintiff has filed objections to the Report and Recommendation (Doc. 29), to which Defendant has also filed a response (Doc. 30). For the reasons stated below, the Court agrees with the Magistrate Judge and finds Plaintiff's objections without merit. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as its opinion in this case. As a result, Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**. All other pending motions in this case are hereby **DISMISSED AS MOOT**. The clerk of court is **DIRECTED** to close this case.

In her objections, Plaintiff first addresses her claim that she suffered discrimination because of her age—51 years old—in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621. (Doc. 29 at 2.) As the Magistrate Judge correctly points out, however, Plaintiff has not presented this claim before the Equal Employment Opportunity Commission—a necessary procedural prerequisite to filing suit in this Court. (Doc. 25 at 1 n.1.) Plaintiff does not address this failing in her objections, but rather simply restates her original arguments. (Doc. 29 at 2.) Because Plaintiff's objections do nothing to counter the Magistrate Judge's findings, Plaintiff's age discrimination claim must be dismissed.

With regard to her racial discrimination claim, Plaintiff's objections are similarly either irrelevant or unpersuasive. First, Plaintiff's argument that her claim is based on all the "prongs" of the McDonnell Douglas analysis (id.) mistakes the point of the report and recommendation. It is uncontested that Plaintiff has satisfied the first and second prongs of McDonnell Douglas. She is a member of a protected class—African-American—and she suffered an adverse employment action. As the Magistrate Judge correctly states, however, she must also show that Defendant treated more favorably a similarly situated

employee outside of Plaintiff's protected class. (Doc. 26 at 6, citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).) The only similarly situated employee offered by Plaintiff—Tamika Lemon—is a member of the same protected class as Plaintiff, and thus unhelpful to her case. Accordingly, Plaintiff has not satisfied the prima facie elements of a racial discrimination claim.

Plaintiff's remaining objections all fail to address the pertinent points of the Magistrate Judge's report and recommendation. While Plaintiff may sincerely believe that criticism directed towards her was racially motivated (Doc. 29. at 2), the Court can find no evidence in the record to support her belief. Furthermore, it is unimportant that Plaintiff finds the actions of Defendant unprofessional or contradictory to normal company policy. (Doc. 29 at 3.) The Court's concern is solely whether Defendant's actions were impermissibly motivated by racial animus, not whether Plaintiff was treated unfairly. See Alexander v. Fulton Cnty., Ga., 207 F.3d 13013, 1341 (11th Cir. 2000) ("It is not the court's role to second-guess the wisdom of an employer's decisions as long as the decisions are not racially motivated."). As Plaintiff's objections point to no evidence suggesting race played any part in her

termination, the Court agrees with the Magistrate Judge's conclusions.[1]

For the reasons stated above, the Court finds Plaintiff's objections without merit. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as its opinion in this case. As a result, Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**. All other pending motions in this case are hereby **DISMISSED AS MOOT**. The clerk of court is **DIRECTED** to close this case.

SO ORDERED this 12th day of December 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The letters included in Plaintiff's objections, in addition to being unsworn and comprising largely inadmissible evidence, are ultimately immaterial to Plaintiff's claims. None of the letters offer any evidence to cure the fatal deficiencies of Plaintiff's case—specifically, that she has identified no viable comparator by which to evaluate her claim and that she has produced no evidence of Defendant's purported discriminatory intent.

4